# Exhibit A

**SUMM**
Mark H Hutchings, Esq.
Nevada Bar No. 12783
Stacy Norris, Esq.
Nevada Bar No. 15445
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com
Stacy@HutchingsLawGroup.com
*Attorneys for Plaintiff German Ortiz Hernandez*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| GERMAN ORTIZ HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY PROPERTIES RESIDENTIAL LLC, a Nevada limited liability company; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive,<br><br>Defendants. | Case No. A-20-819877-C<br><br>Dept. No.<br><br>**SUMMONS - CIVIL** |

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOU BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil complaint has been filed by the above-named plaintiff(s) against you for the relief set forth in the complaint.

1. If you intend to defend this lawsuit, within 20 days after this summons is served on you, exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the complaint in accordance with the rules of the Court, with the appropriate filing fee.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

**SUMMONS - CIVIL**

Case Number: A-20-819877-C

2. Unless you respond, your default will be entered upon application of the plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested in the complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Submitted by:

*/S/ MARK H. HUTCHINGS, ESQ.*

Mark H. Hutchings, Esq.
Nevada Bar No. 12783
Stacy Norris, Esq
Nevada Bar No. 15445
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
*Attorneys for Plaintiff German Ortiz Hernandez*

STEVEN D. GRIERSON
CLERK OF COURT

By: _____  8/20/2020
Deputy Clerk

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

1
**SUMMONS - CIVIL**

Electronically Filed
8/19/2020 4:06 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Mark H. Hutchings, Esq.
Nevada Bar No. 12783
Stacy Norris, Esq.
Nevada Bar No. 15445
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com
Stacy@HutchingsLawGroup.com
*Attorneys for Plaintiff*

CASE NO: A-20-819877-C
Department 4

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| GERMAN ORTIZ HERNANDEZ, an individual, | Case No. |
| Plaintiff, | Dept. No. |
| v. | **Plaintiff's Complaint For:** |
| SECURITY PROPERTIES RESIDENTIAL LLC, a Nevada limited liability company; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive, | 1. **Discrimination in Violation of NRS 613.330;**<br>2. **Constructive Discharge;**<br>3. **Failure to Pay All Wages Owed at Time of Termination; and**<br>4. **Intentional Infliction of Emotional Distress** |
| Defendants. | **And Request for Jury Trial** |

**COMPLAINT**

Case Number: A-20-819877-C

**1**  Plaintiff German Ortiz Hernandez ("Plaintiff") hereby files this Complaint against Securities
**2** Properties Residential LLC and DOES 1-30 (collectively, "Defendants").  Plaintiff is informed and
**3** believes, and based thereon alleges, as follows:

**4** **I.       INTRODUCTION**

**5** 1.       Plaintiff files this action to recover damages and remedies afforded by law pursuant to NRS
**6** 613.330, NRS 613.432 (incorporating 42 U.S.C. §2000e *et seq.*), and common law as a result of
**7** Defendants' unlawful conduct toward Plaintiff.

**8** **II.      PARTIES, JURISDICTION, AND VENUE**

**9** 2.       At all times herein mentioned, plaintiff German Ortiz Hernandez was an individual residing
**10** within the State of Nevada, in the County of Clark.

**11** 3.       At all times herein mentioned, defendant Security Properties Residential LLC was and is a
**12** domestic corporation organized under the laws of the State of Washington, licensed to do business in
**13** the State of Nevada, and were and are doing business in the State of Nevada, including in the County
**14** of Clark.

**15** 4.       At all times herein mentioned, DOES 1 through 30 were headquartered or residing in the State
**16** of Nevada, or licensed to do business or actually doing business therein, including the County of
**17** Clark.

**18** 5.       The true names and/or capacities, whether individual, corporate, associate, or otherwise, of
**19** defendants named herein as DOES 1 through 30, inclusive, are unknown to Plaintiff at this time, who
**20** therefore sues said defendants by such fictitious names.  Each of the defendants designated herein by
**21** fictitious name is in some manner responsible for the events and happenings herein referred to, and
**22** caused damages proximately and foreseeably to Plaintiff as hereinafter alleged.  Plaintiff asks leave
**23** of the Court to amend this Complaint when the true names and capacities of said defendants have
**24** been ascertained.

**25** 6.       Whenever it is alleged in this Complaint that a party did any act or thing, it is meant that such
**26** party's officers, agents, employees, or representatives did such act or thing and at the time such act or
**27** thing was done, it was done with full authorization or ratification of such party or was done in the
**28** normal and routine course and scope of business, or with the actual, apparent and/or implied authority

1. of such party's officers, agents, servants, employees, or representatives. Specifically, parties are liable for the actions of their officers, agents, servants, employees, and representatives.

7. Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants as each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts, making each of the Defendants an agent of the other and making each of the Defendants jointly responsible and liable for the acts and omissions of each other as alleged herein.

8. Jurisdiction is proper in the Eighth Judicial District Court of Clark County, Nevada, as this Court has jurisdiction over the subject matter of this litigation pursuant Article 6, Section 6 of the Nevada Constitution, and personal jurisdiction over Defendants pursuant to NRS 14.065.

9. Venue is proper in the Eighth Judicial District Court of Clark County, Nevada, Regional Justice Center pursuant to NRS 13.040, as Defendants, or any one of them, reside in Clark County.

### III.   FACTUAL ALLEGATIONS

10. Defendant is engaged in property management and apartment rentals in Las Vegas, NV.

11. In or around March 2018, Plaintiff was hired by Defendant as an Assistant Manager of Apartments.

12. Plaintiff was assigned to administration, rental applications, handling payments, negotiating vendor contracts, and was the supervisor of 4-5 employees.

13. Plaintiff was paid $17.25 per hour and worked 40+ hours per week.

14. Plaintiff was paid a monthly bonus based on the number of apartments rented or renewed, with $75 payable for new rentals and $50 payable for renewals.

15. Starting in or around May 2018, Plaintiff began experiencing discriminatory behavior from other employees.

16. This discriminatory behavior occurred with comments made about Plaintiff's sexuality, and Plaintiff was called "maricon" and "Juan Gabriel," after the gay singer, and threats of physical violence to Plaintiff.

17. These comments were made to Plaintiff, to other employees, and to tenants at Defendants

1 rental properties.

18. In May 2018, Plaintiff brought written notice of these discriminatory comments to his supervisors Lydia Castillo and Karleen Sanchez.

19. Castillo and Sanchez failed to stop the discriminatory behavior and Sanchez even showed preference for one of the employees who was making the comments.

20. Plaintiff continued to work during this time, no changes were made, and the discrimination continued throughout his employment.

21. Starting in or around July 2018, Plaintiff experienced several adverse employment actions, such as a reduction of his weekly scheduled hours which were reduced by two to four hours per week.

22. On December 10, 2018, Plaintiff made a second complaint to the owner's assistant Katrina, writing that the Regional Manager (Sanchez) failed to act after Plaintiff informed her that he was harassed and discriminated against by another co-worker.

23. Plaintiff also states in this letter that Sanchez took his commission bonuses, acts unprofessional, and causing a hostile work environment that is physically affecting Plaintiff.

24. Between May 2018 and December 2018, Plaintiff failed to receive commissions due and owing.

25. Plaintiff compared his paystubs to a copy of the commission form and noticed that rentals and renewals had been removed from his commission form.

26. Management responded stating that a manager named Tali would be in Las Vegas on January 2 and 3, 2019, and would meet with Plaintiff in person to discuss.

27. In January 2019, Plaintiff met with Sanchez and Nina Richter, Defendant's VP, and experienced a short meeting of exchanging pleasantries, with no mention of his complaint.

28. Richter said she would follow up with Plaintiff to discuss his complaint and failed to do so.

29. During this time, Plaintiff continued to experience discriminatory behavior at work, including threatening comments based on his sexuality.

30. Defendants and their managers failed to act to stop the harassing and discriminatory behavior.

31. In July 2019, Plaintiff made the decision to leave his employment with Defendant based on

his fear for his safety as a result of the increasingly aggressive conduct of his harassers, his declining mental health as a result of the increasingly aggressive conduct of his harassers, and Defendant's failure to stop the harassment.

32. Plaintiff filed a Charge of Discrimination with the EEOC on December 6, 2019.

33. Defendant filed its Position Statement for the EEOC investigation on January 7, 2020.

34. Plaintiff filed his Position Statement for the EEOC investigation on April 20, 2020.

35. The EEOC issued a Dismissal and Notice of Suit Rights ("Right to Sue letter") on June 1, 2020.

36. Plaintiff has exhausted his administrative remedies, and now brings this action.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF NRS 613.330

### (Against all Defendants)

37. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

38. NRS 613.330 prohibits discrimination in employment; in particular, NRS 613.330(1)(a) states that it is an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, gender identity or expression, age, disability, or national origin."

39. Defendants were at all material times "employers" as defined in NRS 613.310(2).

40. During Plaintiff's employment by Defendants, Plaintiff was a homosexual male.

41. Defendants, directly and through their employees and supervisors, discriminated against Plaintiff because of his sexuality in violation of NRS 613.330 by, *inter alia*, creating a hostile work environment and leading to Plaintiff's constructive termination.

42. Plaintiff's sexuality was a substantial motivating factor in Defendant's behavior, decision to take adverse employment actions against Plaintiff, and to discriminate against Plaintiff in the conditions and privileges of his employment in violation of NRS 613.330(1)(a).

43. Defendants authorized and ratified the wrongful acts of their agents and employees, knew that their agents and employees were committing such acts, and continued to employ them with no restrictions or disciplines with conscious disregard of the rights or safety of others.

44. As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, loss of enjoyment of life, and emotional and physical distress; and (2) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages pursuant to NRS 613.432, in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre- and post-judgment interest on these amounts pursuant to NRS 17.130(2) and any other applicable provision of law.

45. As more fully set forth elsewhere herein, Defendant's discriminatory conduct toward Plaintiff was intentional and malicious, with a reckless indifference toward Plaintiff's federally protected rights, and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants, pursuant to 42 U.S.C. §1981a.

46. As a direct and proximate result of Defendant's violation of NRS 613.330, Plaintiff has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Plaintiff is entitled to an award of such attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k), as applied through NRS 613.432, and any other applicable provision of law.

## SECOND CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE

### (Against all Defendants)

47. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 46 above as though fully set forth herein.

48. Plaintiff was subjected to an adverse, tangible employment action under NRS 613.330.

49. Plaintiff's resignation from Defendant was induced by the actions and working conditions of Defendant and its agents and assignees which were intolerable and violated public policy.

50. Plaintiff experienced hostile and discriminatory working conditions to the point that a

1 reasonable employee would feel compelled to resign.

2 51.  Defendant had actual or constructive knowledge of the discriminatory behavior, hostile
3 working conditions, and their impact on Plaintiff.

4 52.  Defendant could have remedied the situation and made a conscious decision not to make any
5 changes to eliminate the discrimination and hostile work conditions.

6 53.  Defendants authorized and ratified the wrongful acts of their agents and employees, knew that
7 their agents and employees were committing such acts, and continued to employ them with no
8 restrictions or disciplines with conscious disregard of the rights or safety of others.

9 54.  As a direct and proximate result of Defendants' conscious decision not to change working
10 conditions to eliminate the hostile work environment, Plaintiff has suffered and continues to suffer (a)
11 substantial humiliation, serious mental anguish, loss of enjoyment of life, and emotional and physical
12 distress; and (2) loss of past and future earnings, status and future status, and employment benefits
13 and opportunities, on account of which Plaintiff is entitled to compensatory damages.

14 55.  As a direct and proximate result of Defendant's inducement of Plaintiff's resignation through
15 constructive discharge, Plaintiff has been compelled to retain the services of counsel and has and will
16 continue to incur legal fees and costs.  Plaintiff is entitled to an award of such attorneys' fees and
17 costs pursuant to 42 U.S.C. §2000e-5(k), as applied through NRS 613.432, and any other applicable
18 provision of law.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED AT TIME OF TERMINATION

### NRS 608.020 AND NRS 608.040

### (Against all Defendants)

23 56.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1
24 through 55 above as though fully set forth herein.

25 57.  Defendant was Plaintiff's employer as defined by NRS 608.011 for the purposes of NRS
26 608.020 and NRS 608.040.

27 58.  NRS 608.020 requires employers to pay all compensation due and owing to their employees
28 immediately upon discharge.

59. NRS 608.040 provides that if an employer fails to pay, within three days after the wages or compensation of a discharged employee becomes due, all such wages due, then the employer is liable for a penalty in the form of continued compensation at the employee's regular rate of pay for each day that wages remain unpaid from the date of termination, up to thirty days.

60. Plaintiff stopped working for Defendant in July 2019 and to date has not received his final paycheck from Defendant.

61. Defendant failed to pay Plaintiff all wages due immediately upon termination as required by NRS 608.020, or within three days thereafter, and therefore Plaintiff is entitled to recover additional waiting time wages pursuant to NRS 608.040, in an amount to be established according to proof at trial.

62. Plaintiff is further entitled to an award of pre- and post-judgment interest on the amount of his unpaid waiting time wages pursuant to NRS 17.130(2).

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against all Defendants)**

63. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 62 above as though fully set forth herein.

64. Plaintiff suffered a hostile work environment through the discrimination he experienced while working for Defendant.

65. Defendant's conduct caused Plaintiff to fear that he would be physically harmed.

66. Defendant's conduct was extreme or outrageous with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

67. Plaintiff suffered severe emotional distress as the actual or proximate result of Defendant's wanton conduct.

68. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred attorneys' fees and costs which he is entitled to recover.

69. Defendant's conduct was fraudulent, malicious, and/or oppressive under NRS 42.005 and therefore Plaintiff is entitled to an award of punitive damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For an award of damages to Plaintiff in accordance with NRS 613.432;

2. For an award of damages, including lost wages and emotional distress damages pursuant to 42 U.S.C. §1981a;

3. For an award of punitive damages against any and/or all Defendant(s) pursuant to 42 U.S.C. §1981a and NRS 42.005;

4. For an award of Plaintiff's attorneys' fees and costs of suit pursuant to NRS 18.010, NRS 18.020, 42 U.S.C. §2000e-5(k), and any other applicable statutory or contractual basis;

5. For an award of pre and post-judgment interest pursuant to NRS 17.130(2) and any other applicable statutory or contractual basis; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 19, 2020           HUTCHINGS LAW GROUP, LLC

By: */s/ Mark H. Hutchings*
Mark H. Hutchings, Esq.
Stacy Norris, Esq.
552 E. Charleston Blvd.
Las Vegas, NV 89104
Telephone: (702) 660-7700
*Attorneys for Plaintiff German Ortiz Hernandez*

Electronically Filed
8/28/2020 12:58 PM
Steven D. Grierson
CLERK OF THE COURT

## AFFIDAVIT OF SERVICE

| Case:<br>A-20-819877-C | Court:<br>EIGHTH JUDICIAL DISTRICT COURT | County:<br>CLARK COUNTY, NV | Job:<br>4811455 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>German Ortiz Hernandez | | **Defendant / Respondent:**<br>Security Properties Residential LLC | |
| **Received by:**<br>Serve Vegas LLC | | **For:**<br>Hutchings Law Group, LLC | |
| **To be served upon:**<br>Security Properties Residential LLC | | | |

I, Richard Reese, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | SHANNON FOLEY, 321 W Winnie Ln #104, Carson City, NV 89703 |
|---|---|
| Manner of Service: | Registered Agent, Aug 26, 2020, 12:25 pm PDT |
| Documents: | Complaint, Summons |

**Additional Comments:**
1) Successful Attempt: Aug 26, 2020, 12:25 pm PDT at 321 W Winnie Ln #104, Carson City, NV 89703 received by SHANNON FOLEY. Age: 35; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'6"; Hair: Brown; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_[signature]_  08/26/2020

Richard Reese                Date
PILB#1505

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
775-720-2620

Case Number: A-20-819877-C